IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Action No. |
| v. ) | 14-00361-01-CR-W-DGK |
| ) | |
| MICHAEL DUANE MILLS, ) | |
| ) | |
| Defendant. ) | |

# REPORT & RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's Motion to Dismiss. Defendant moves the Court to dismiss the Indictment against him due to a statute of limitation violation. For the following reasons, Defendant's motion should be granted.

## I. BACKGROUND

On December 5, 2014, a criminal complaint was filed against Defendant. The complaint contained the following counts:

### COUNT I
On or about December 12, 2009, in Jackson County, in the Western District of Missouri, the defendant MICHAEL DUANE MILLS, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit: A Ruger, Model P345, .45 caliber auto semi-automatic pistol, Serial Number 664-13711, with four rounds; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

### COUNT II
On or about December 12, 2009, in Jackson County, in the Western District of Missouri, the defendant MICHAEL DUANE MILLS, did knowingly carry and possess a firearm, during and in relation to and in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States. All in violation of 18 U.S.C. §§ 924(C)1)(A)(i).

The Grand Jury returned an indictment against Defendant on December 18, 2014, for the same

conduct (Doc. No. 4). Defendant was arrested in Las Vegas, Nevada, and was subsequently arraigned in this Court.

On January 22, 2015, Defendant filed a motion to dismiss (Doc. No. 6). The government responded to Defendant's motion on February 6, 2015 (Doc. No. 7). Defendant filed reply suggestions on March 11, 2015 (Doc. No. 19).

## II. LEGAL ANALYSIS

Defendant moves to dismiss the Indictment, on grounds that the statute of limitation had expired before an indictment was returned. The applicable statute of limitation, 18 U.S.C. § 3282(a), provides:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, <u>unless the indictment is found or the information is instituted within five years next after such offense shall have been committed</u>.

(emphasis added). In this case, Defendant was indicted on December 18, 2014 -- six days after the five-year limitation elapsed. The Government, therefore, argues that the filing of a criminal complaint commenced adversarial proceedings against Defendant and tolled the statute. I disagree.

Neither Defendant nor the Government cited a factually-similar case and I, too, was unable to find one. However, the purpose of statutes of limitation, examination of analogous case law and the express language of 18 U.S.C. § 3282(a) all lead me to conclude that the indictment in this case is time-barred.

"The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the

passage of time and to minimize the danger of official punishment." Toussie v. United States, 397 U.S. 112, 115 (1970).

In United States v. Korey, 614 F. Supp. 2d 573 (W.D. Penn. 2009), the United States District Court for the Western District of Pennsylvania considered the savings clause set forth in 18 U.S.C. § 3288.[1] In Korey, the defendant was originally indicted in February of 2004. Id. at 575. The defendant was convicted on one of the counts contained in the indictment and appealed his conviction. Id. at 576. The Third Circuit vacated the jury verdict and remanded the case for a new trial. Id. On July 3, 2007, the trial court dismissed the applicable count of the February 2004 indictment since the defendant had not been tried within seventy days of the mandate as required by the Speedy Trial Act, and stated that the Government had six months to reindict the defendant. Id. The government failed to reindict within this time period; instead, they filed a complaint on December 28, 2007, and ultimately indicted the defendant on January 29, 2008. Id. Having missed the period for filing a new indictment by twenty-six days, the government argued that the filing of the complaint triggered the savings clause. Id. at 579. In finding that the filing of a complaint did not toll the statute, the Court first relied on the express language of the applicable statute,

---

[1] 18 U.S.C. § 3288 provides:
> Whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

(emphasis added).

3

> Section 3288, itself, demonstrates that Congress knew the difference between an indictment, information, and a complaint. The statute unambiguously states that when "an indictment or information" is dismissed, "a new indictment may be returned" and the "new indictment will not be barred by any statute of limitations." The statute does not read, "a new indictment or information or complaint may be returned" or the "new indictment or information or complaint will not be barred by any statute of limitations."

Id. (emphasis in original).

The same is true in this case with 18 U.S.C. § 3282(a). This section specifically states that an "indictment or information" must be filed within five years of the alleged offense. The term "criminal complaint" or any general language referring to the beginning of a case are notably missing from the express language of this statute.

The Korey Court next looked to the applicable Federal Rules of Criminal Procedure for guidance, stating "[the Rules] make clear that a complaint is not a substitute for an indictment. Rules 3 and 4 . . . , which govern the issuance of a complaint, are found in [the section] of the Rules, 'Preliminary Proceedings'" whereas "[t]he rules governing a grand jury indictment and information, Rules 6 through 9, are located in [the section] entitled 'The Grand Jury, The Indictment, And The Information.'" Id. at 579-80. The Court noted Federal Rule of Criminal Procedure 4 provides that if a complaint "establishes probable cause to believe an offense has been committed by the defendant, the magistrate judge must issue an arrest warrant," and accordingly concluded that "the filing of a complaint simply authorizes the issuance of an arrest warrant, it does not toll the running of the applicable statute of limitations." Id. at 580. Lastly, the Korey Court cited analogous statutes, including 18 U.S.C. § 3282 -- the statue in issue here, reasoning that neither "refers to the filing of a complaint as having any effect on the statute of limitations." Id.

4

I find this analysis to be persuasive. Both Congress and the Federal Rules of Criminal Procedure treat indictments, informations and complaints very differently. I conclude that Section 3282(a) is not tolled by the filing of a criminal complaint. Because the indictment in this case was returned six days after the five-year limitation period had expired, prosecution of Defendant for the offenses that are alleged to have occurred on December 12, 2009 is prohibited.

As a result, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order granting Defendant's Motion to Dismiss.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 13, 2015